IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ED COLLINS,** | **CIVIL NO. 1:CV-99-0829** |
|         **Plaintiff** | **(Judge Rambo)** |
|         v. | |
| **PAUL SLOAD,** *et al.***,** | |
|         **Defendants** | |

## **M E M O R A N D U M**

Before the court is Defendants' partial motion to dismiss Plaintiff's second amended complaint. Plaintiff has failed to timely respond to Defendants' partial motion to dismiss. The matter is now ripe for disposition. Pursuant to the court's March 3, 2005 order, the court will deem Defendants' motion to dismiss to be unopposed.[1] Based on the merits of Defendants' arguments, the court will grant in part and deny in part Defendants' motion for partial dismissal.

**I.**      **History**

Plaintiff filed *pro se* his original Complaint in federal court on July 2, 1999. On August 7, 1999, Plaintiff filed an amended complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000(e) ("Title VII"). Named as Defendants in Plaintiff's amended complaint were Paul Sload, in his individual and official capacity as Chief of the Commonwealth of Pennsylvania Department of Revenue; Robert Sharpe, in his individual and official capacity as

---

[1] The court's March 3, 2005 order denied Plaintiff's motion for an extension of time. (Doc. 89.)

Supervisor of the Commonwealth of Pennsylvania Department of Revenue; and Robert Judge in his individual capacity("the original Defendants").  On November 8, 1999, the original Defendants moved to dismiss Plaintiff's amended complaint.  The court granted in part and denied in part the original Defendants' motion.  On November 26, 2002, the court issued a memorandum and order granting summary judgment on all of Plaintiff's remaining claims.  Plaintiff timely appealed to the Third Circuit.  On January 28, 2002, the Third Circuit reversed the court's dismissal of Plaintiff's claims and affirmed the court's grant of summary judgment on Plaintiff's claim of disparate pay.

In conformity with the Third Circuit's opinion, the court provided Plaintiff leave to file a second amended complaint.  However, the court placed certain requirements on Plaintiff in order to "give [the] case a more focused approach."  (February 26, 2004 Order, Doc. 60.)  Specifically, the court required Plaintiff to state each cause of action in a separate count, and as to each issue raised, Plaintiff was to cite to the number of the charge filed with the Equal Employment Opportunity Commission ("EEOC") and/or under the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 951, and when such charges were filed.

Plaintiff filed his second amended complaint on August 12, 2004.  Plaintiff's second amended complaint named as Defendants, Paul Sload, Agents of the Commonwealth of Pennsylvania ("Agent Defendants"), and the Department of Revenue ("Revenue Defendant").  Plaintiff alleged violations of Title VII; the First and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. §§ 1981, 1983, 1985, 1986; and the PHRA.

Plaintiff alleges in his second amended complaint that he filed an EEOC complaint in December of 1996 ("Plaintiff's first EEOC complaint") in response to systemic discrimination. This date is disputed by Defendants. Plaintiff filed three subsequent EEOC complaints on June 28, 2000, June 27, 2001, and February 3, 2004 ("Plaintiff's additional EEOC complaints"). Plaintiff asserts that after filing his first EEOC complaint, Defendants did nothing to correct the discrimination and that Defendants retaliated against Plaintiff in response to his filing the first EEOC complaint. Plaintiff received his EEOC right to sue notice with respect to his first EEOC complaint on May 7, 1998. There is no indication that Plaintiff has received any subsequent EEOC right to sue notices.

In light of the voluminous procedural history, the parties are well acquainted with the facts surrounding this case. Therefore, the court will not delve into specific facts. Suffice it to say, Plaintiff's claims revolve around assertions of racial discrimination in the work place. After setting forth the relevant legal standard, the court will address Defendants' partial motion to dismiss.

**II.**     **Legal Standard: Motion to Dismiss**

In deciding a motion to dismiss pursuant to Federal Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant[s] on notice of the essential elements of the plaintiff's cause of action." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). The court will not dismiss a complaint for failure to

state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Additionally, the court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Id.* Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). In the case of a *pro se* plaintiff, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as for what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci,* 867 F. Supp. 317, 318 (E.D. Pa. 1994).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a complaint that is merely deficient. *See, e.g., Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad

faith, undue delay, prejudice, or futility." *Alston v. Parker*, 336 F.3d 229, 236 (3d Cir. 2004).

**III.**     **Discussion**

Defendants assert that dismissal is proper for the following reasons: 1) Plaintiff failed to exhaust his administrative remedies with respect to his Title VII claims; 2) the individual Defendants may not be held liable under Title VII; 3) Defendant Revenue is entitled to Eleventh Amendment immunity; 4) the individual Defendants may not be held liable under the PHRA; and 5) Plaintiff's §§ 1985 and 1986 claims are barred by the statute of limitations. For the reasons that follow, the court will grant in part and deny in part Defendants' partial motion to dismiss.

Additionally, before the court can address Defendants' arguments, with respect to the individual Defendants, the court must address who is a individual Defendant for purposes of the instant action. As stated, in his second amended complaint Plaintiff names Paul Sload and Agents of the Commonwealth of Pennsylvania as individual Defendants. Missing from the caption of Plaintiff's second amended complaint are previously named Defendants Judge and Sharpe.[2] Furthermore, the only Defendants with specific acts attributed to them in Plaintiff's second amended complaint are Defendant Sload and Defendant Revenue. As this court noted in its February 26, 2004 Order: "Unfortunately, in [Plaintiff's] complaint and amended complaints, many allegations and alleged causes of action are

---

[2]Defendants Judge and Sharpe were previously named in Plaintiff's original and amended complaints.

5

ambiguous."  The court is inclined to narrow the scope of who is a individual Defendant; however, Federal Rule of Civil Procedure 8 requires only notice pleading. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Additionally, the court must construe a *pro se* plaintiff's complaint liberally.  *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).  Accordingly, the court will allow the unnamed Agents Defendants to remain as individual Defendants.  With respect to Defendants Judge and Sharpe, the court is unsure if Plaintiff intended to include them with the Agent Defendants.  In light of the liberal pleading standard, and in an attempt to provide some form of clarity, the court will provide that Defendants Judge and Sharpe remain as named Defendants.  With further discovery, the court is ever hopeful that the names and actual alleged misdeeds of the Agent Defendants will come to light.

### A.    Title VII Claims

Title VII prohibits discrimination based upon race, color, religion, sex, or national origin, in employment decisions such as hiring, discharge, and promotion. 42 U.S.C. § 2000e-2(a)(1).  It is well settled that a Title VII plaintiff must exhaust all required administrative remedies before seeking judicial relief.  *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997).

A plaintiff is required to file an employment discrimination charge with the EEOC within 180 or 300 days after an "allegedly unlawful employment practice occurred."[3]  42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536

---

[3]When an employee initiates a complaint with a parallel state agency, the period for filing with the
(continued...)

U.S. 101, 105 (2002). If a plaintiff fails to file an EEO complaint within the statutory time period, the plaintiff's complaint is time-barred.[4] *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) ("Exhaustion requires both consultation with an agency counselor and filing a formal EEOC complaint within the required times."). Additionally, Plaintiff must receive a right to sue notice from the EEOC. *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976) ("The jurisdictional prerequisites to a suit under Title VII are the filing of charges with the EEOC and the receipt of the Commission's statutory notice of the right to sue.").

Plaintiff alleges that he filed his first EEOC complaint on or around December 1996. (Second Amend. Compl. ¶ 32.) According to Plaintiff, his first EEOC complaint was given the charge number of 170980522. (*Id.*) Defendants assert that the actual date that Plaintiff filed his first EEOC complaint was January 12, 1998. In support, Defendants provide Plaintiff's EEOC complaint 170980522, which is dated January 12, 1998.[5] (*See* Defs.' Supp. Docs., Ex. C.) Plaintiff does not argue that he filed any EEOC complaints prior to EEOC complaint 170980522.

---

[3](...continued)
EEOC is 300 days from the date of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). In the instant case, Plaintiff filed with a parallel state agency; therefore, his deadline for filing with the EEOC was 300 days from the date of the alleged unlawful employment practice.

[4] As prescribed by the Supreme Court, this court must strictly adhere to the time-line mandated by Congress. *See Mohasco Corp. v. Silver*, 447 U.S. 807, 825 (1980) ("By choosing what are obviously quite short deadlines, Congress clearly intended to encourage the prompt processing of all charges of employment discrimination.").

[5] As stated, in a motion to dismiss, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). Because Plaintiff relies on his EEOC complaint 170980522 in his Complaint, the court will consider Defendants' exhibit of Plaintiff's EEOC complaint 170980522.

Defendants argue that Plaintiff failed to exhaust his administrative remedies with respect to his Title VII claims that occurred more than 300 days prior to January 12, 1998. Based on the aforementioned law and the evidence presented by Defendants, the court finds Defendants' argument to be convincing. As explained below, the court will dismiss any of Plaintiff's Title VII claims that occurred more than 300 days prior to January 12, 1998. Specifically, the court will dismiss any of Plaintiff's Title VII claims occurring before March 25, 1997.

Plaintiff's first EEOC Complaint alleged unlawful employment practices from August 1994 until September 23, 1997. Specifically, Plaintiff alleged in his first EEOC complaint that from August 1994 until November 1996 he performed duties that were at higher level, yet he was unable to receive a promotion. Plaintiff's claim of failure to promote is outside of the 300-day period. Additionally, Plaintiff's EEOC complaint asserts that he received an unfavorable evaluation on July 14, 1997 and that he was subjected to humiliation as recently as September 23, 1997. These claims fall within the 300-day period and will not be time barred.

In *National Railroad*, the Supreme Court stated that "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'[Plaintiff] can only file a charge to cover discrete acts that 'occurred' within the appropriate time period." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114. Thus, Plaintiff must file a charge for each discriminatory act in order to exhaust his administrative remedies. In other words, Plaintiff must indicate in his charge specific incidents of unlawful employment practices, otherwise Plaintiff cannot bring those claims in federal court. Plaintiff does not specifically cite to any other allegedly unlawful employment practices in his first

EEOC complaint or in his second amended complaint, with respect to the dates August 1994 through January 12, 1998; therefore, the court will only consider the claims involving the events of July 14, 1997 and September 23, 1997.[6]

Additionally, Plaintiff filed three additional PHRA/EEOC complaints on July 28, 2000, July 27, 2001, and February 3, 2004.  These complaints allege, among other things, hostile work environment, retaliation, and harassment based on race.  Defendants contend that Plaintiff has not received an EEOC statutory notice of the right to sue and therefore has not exhausted his administrative remedies.  As stated, an EEOC right to sue notice is required before filing a complaint in federal court.  *Ostapowicz*, 541 F.2d at 398.  The right to sue notice is either issued by the EEOC or the charging party may request a right to sue letter 180 days after the charge has been filed.  *See* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28.     There is no indication that Plaintiff has been issued or requested a right to sue letter with respect to his additional EEOC complaints.  As such, Plaintiff cannot bring a claim on these issues in federal court.  Accordingly, the court will dismiss Plaintiff's Title VII claims that relate to his additional EEOC claims without prejudice.  If Plaintiff can demonstrate that he received his EEOC right to sue notice, then he may be able to amend his complaint to include these additional Title VII claims.

Furthermore, Defendants assert that the individual Defendants cannot be held liable under Title VII.  The Third Circuit has stated that individual employees may not be held liable under Title VII.  *Sheridan v. E.I. DuPont de Nemours & Co.*,

---

[6] Additionally, per the court's March 3, 2004 order, Plaintiff was required to state each cause of action in a separate count, and as to each issue raised, Plaintiff was to cite to the number of the charge filed with the EEOC and/or under the PHRA and when such charges were filed.  Plaintiff only did so with respect to the failure to promote, and the events of July 14, 1997 and September 23, 1997.

100 F.3d 1061, 1077 (3d Cir. 1996) ("Congress did not intend to hold individual employees liable under Title VII."). The court finds Defendants' argument to be convincing. Therefore, the court will grant Defendants' motion to dismiss Plaintiff's Title VII claims with respect to Defendants Sload, Judge and Sharpe as well as the Agent Defendants.

### B. **Defendants' Eleventh Amendment Argument**

Defendants assert that Defendant Revenue is immune from suit under §§ 1981, 1983, 1985, and 1986, pursuant to the Eleventh Amendment of the United States Constitution. Specifically, the Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by Citizens of another State.

At a minimum, the Eleventh Amendment stands for two propositions: "[F]irst, that each State is a sovereign entity in our federal system; and second, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (internal quotations omitted). Thus, the Eleventh Amendment "prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781, 791 (1978). This bar applies regardless of whether the plaintiff seeks monetary damages or injunctive relief against a State. *Seminole Tribe*, 517 U.S. at 58 (citing *Cory v. White*, 457 U.S. 85, 90 (1982) ("It would be a novel proposition indeed that the Eleventh Amendment does not bar a suit to enjoin the State itself simply because no money judgment is sought.")).

The Supreme Court and the Third Circuit have consistently held that Eleventh Amendment immunity bars suits against a state or state agencies in federal

court by citizens of that or another state, unless that state consents to be sued. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). Pennsylvania has clearly reserved its power to invoke sovereign immunity. 42 Pa. Cons. Stat. § 8521(b) (2003). As a result, Defendant Revenue is immune from Plaintiff's §§ 1981, 1983, 1985, and 1986 claims. The court will grant Defendants' motion to dismiss Plaintiff's claims under §§ 1981, 1983, 1985, and 1986 against Defendant Revenue.

Plaintiff also brought suit against individual Defendants, who are employees of the state. Whether the Eleventh Amendment bars suit against the individual Defendants depends on whether the suit is brought against the individual Defendants in their official or personal capacity. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, official-capacity suits are treated as a suit against the state itself. *Id*. In contrast, "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, a suit brought against an official in his or her personal capacity is an action against that individual apart from his or her association with the state [not the state].

It is evident that Plaintiff names Defendant Sload in his individual and official capacity. (Second Amend. Compl.) Plaintiff fails to name Defendants Judge or Sharpe in his second amended complaint; however, as noted, the court will provide that they remain as individual Defendants. Plaintiff's amended complaint names Defendant Sharpe in his individual capacity and Defendant Judge in his official

11

and individual capacity. The Eleventh Amendment bars suit against Defendants Sload and Judge to the extent that they are sued in their official capacity. *Graham*, 473 U.S. at 167 (clarifying that Eleventh Amendment immunity can be claimed in an official capacity action). Plaintiff's §§ 1981, 1983, 1985, and 1986 claims against Defendant Sload, Defendant Judge or any of the, as yet to be determined, Agency Defendants in their official capacity is dismissed for lack of subject matter jurisdiction. To the extent that Plaintiff sued Defendant Sload, Defendant Judge or the Agent Defendants in their personal capacity, those claims survive.

### C. **Plaintiff's PHRA Claims**

Additionally, Defendants asserts that Plaintiff's claims against Defendant Revenue under the PHRA must fail because they are barred by the Eleventh Amendment.[7] While the PHRA has been deemed to waive Pennsylvania's immunity from suit in state court, Pennsylvania has not waived immunity in federal court. *See Moore v. Pa. Dep't of Military & Veterans Affairs*, 216 F. Supp. 2d 446, 454 (E.D. Pa., 2002); *Dennison v. Pa. Dep't. of Corr.*, 268 F. Supp. 2d 387, 405 (M.D. Pa. 2003). Accordingly, the court will grant Defendants' partial motion to dismiss with respect to Plaintiff's PHRA claims against Defendant Revenue. In accordance with the aforementioned law, the court will also dismiss any of Plaintiff's PHRA claims that extend to any of the individual Defendants in their official capacity.

---

[7]The PHRA makes discrimination on the basis of race, color, religious creed, ancestry, age or national origin by employers, employment agencies, labor organizations and others unlawful. 43 Pa. Cons. Stat. § 951.

Defendants also assert that the PHRA, like Title VII, does not authorize suits against individual defendants.[8] Defendants' cite to *Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542, 552 (3d Cir. 1996). In *Dici*, the court stated: "Like Title VII, the definition of an employer under the PHRA cannot be construed to include 'employees;' indeed, 'employee' is defined as a wholly separate term under the Act." *Id.* (citing 43 Pa. Cons. Stat. § 954(b), (c)).

In *Dici*, the Third Circuit recognized that the employment discrimination provision of the PHRA only extends liability to employers. *Id.* (citing Pa. Cons. Stat. Ann. §955(a)). However, the Third Circuit found that § 995(e) of the PHRA contemplates liability that may extend to employees. Section 955(e) of the PHRA forbids "any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice...." 43 Pa. Cons. Stat. § 955(e). Thus, the *Dici* court reasoned: "We cannot, however, grant summary judgment to [defendant] on [plaintiff's] PHRA claim. As [plaintiff's] supervisor, [defendant] is a proper defendant under § 955(e) and might be liable for aiding and abetting discriminatory practices." *Dici*, 91 F.3d at 553.

Because Defendant Sload is Chief of the Commonwealth of Pennsylvania Department of Revenue, the court finds that he is in a supervisory position and may be liable for aiding and abetting discriminatory practices. Plaintiff pleads in his complaint that "Defendant instructed subordinates/co-workers to

---

[8]Other courts in the Middle District have held that "neither Title VII nor the PHRA authorizes liability against an individual supervisor or employee." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 605 (M.D. Pa. 2002). This court respectfully disagrees.

13

document [P]laintiff's every infraction, real or imagined to create a hostile work environment." (Second Amend. Compl. ¶ 9.) Such facts, if true could impose liability under the PHRA. Accordingly, the court will deny Defendants' partial motion to dismiss Plaintiff's PHRA claims against Defendant Sload. Based on Plaintiff's second amended complaint, the court is not able to make a determination with respect to Defendants Judge, Sharpe, or any of the Agent Defendants. As previously stated, the court will allow discovery to take its course and cast a light on those issues not yet illuminated by the facts.

### D. Plaintiff's §§ 1985 and 1986 Claims Against Individual Defendants

Defendants assert that Plaintiff's §§ 1985 and 1986 claims against the individual Defendants are barred by the statute of limitations. Specifically, Defendants assert that §§ 1985 and 1986 are governed by a one-year statute of limitations. In support, Defendants rely on § 1986, which states that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." Defendants are correct with respect to § 1986; however, Defendants misstate the law with respect to § 1985. In *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000), the Third Circuit court stated:

> Because neither § 1983 or § 1985 contains a statute of limitations, we must rely on [42 U.S.C.§ 1988]; which guides our selection of the appropriate time period to fill the gap. Section 1988 requires us to use the statute of limitations for the state where the federal court sits unless its application would conflict with the Constitution or with federal law.

Accordingly, this court will apply the Pennsylvania statute of limitations for personal injury claims. *See Bougher v. University of Pittsburgh*, 882 F.2d 74 (3d Cir. 1989) (holding that the Pennsylvania statute of limitations for personal injury claims applies

14

to § 1985 claims). Pennsylvania statute of limitations for personal injury claims is two years. 42 Pa. Cons. Stat. Ann. § 5524. Therefore, Plaintiff's § 1985 claims are governed by a two-year statute of limitations.

Furthermore, Defendants assert that July 12, 2004 is the applicable date from which to base the statute of limitations for Plaintiff's §§ 1985 and 1986 claims. Plaintiff filed his second amended complaint on July 12, 2004. Plaintiff's previous complaints did not include claims based on §§ 1985 or 1986. However, Federal Rule of Civil Procedure 15(c) is applicable. Rule 15(c) provides in relevant part:

> An amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

The court finds that Plaintiff's §§ 1985 and 1986 claims relate to the conduct and occurrences set forth in Plaintiff's original pleading. Plaintiff's initial complaint asserted violations of Title VII. Plaintiff's second amended complaint asserts violations of Title VII and §§ 1985 and/or 1986. (Second Amend. Compl. Count V.) Thus, Plaintiff's §§ 1985 and/or 1986 claims arise out of the same facts as his Title VII claims. Therefore, the court will rely on May 21, 1999, the date of Plaintiff's initial complaint, as the applicable date from which to base the statute of limitations.

However, Plaintiff does not mention any specific dates or instances of conduct that violated §§ 1985 or 1986 in his second amended complaint. In light of the liberal pleading requirements, all that the court can provide at this time is the following: 1) any allegations of violations of § 1985 that occurred more than two years before May 21, 1999 will be dismissed as time-barred; 2) any violations of §

1986 that occurred more than one year before May 21, 1999 will be dismissed as time-barred.

**IV.         Conclusion**

This case has been ongoing since 1999 and in the interest of fairness to both parties it must move toward a resolution. The court recognizes that Plaintiff's second amended complaint is not the model of clarity. Additionally, the court recognizes that this memorandum and order is constructed without the benefit of Plaintiff's responsive brief. However, as the court noted in its March 3, 2005 Order, Defendants' motion to dismiss was filed on August 17, 2004 and Plaintiff had until February 25, 2005 to fill a responsive brief. (Doc. 89.) Plaintiff filed a motion for an extension of time on February 24, 2005, a day before his responsive brief was due. The court denied Plaintiff's motion, and stated that "Plaintiff has been advised time and again that if the court can not secure pro bono representation or if Plaintiff is unable to retain counsel he will be deemed to be proceeding *pro se.* Plaintiff has had ample time to secure representation. The court has no other resources to provide representation for Plaintiff." (Doc. 89.)

As such, some issues remain without a definitive resolution. However, the court believes that the rationale and conclusions provided in this memorandum and accompanying order will sufficiently guide the parties through discovery and any dispositive Rule 56 motions.

Based on the foregoing discussion, the court will grant Defendants' partial motion to dismiss Plaintiff's Title VII claims occurring before March 25, 1997. Additionally, the court will grant Defendants' motion to dismiss Plaintiff's Title VII

claims against the individual Defendants.  The court will grant Defendants' motion to dismiss Plaintiff's §§ 1981, 1983, 1985 and 1986 claims, as well as, Plaintiff's PHRA claims against Defendant Revenue and the individual Defendants in their official capacity. .  However, the court will deny Defendants' motion to dismiss Plaintiff's PHRA claims against the individual Defendants in their personal capacity.  Finally, the court will deny Defendants' motion to dismiss Plaintiff's §§ 1985 and 1986 claims against the individual Defendants for alleged violations of §§ 1985 and 1986 that occurred one year before July 12, 2004.  Instead, the court will provide that Plaintiff's § 1985 claims that occurred two years before May 21, 1999 are time barred and Plaintiff's § 1986 that occurred one year before May 21, 1999 are time barred.  Thus, Plaintiff's remaining claims are a Title VII claim against Defendant Revenue, claims based upon §§ 1981, 1983, 1985 and 1986 against the individual Defendants in their personal capacity, and a PHRA § 955(e) claim against the individual Defendants in their personal capacity.  An appropriate order will issue.

S/Sylvia H. Rambo<br>SYLVIA H. RAMBO<br>United States District Judge

Dated:  April 18, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ED COLLINS,** | **CIVIL NO. 1:CV-99-0829** |
| Plaintiff | **(Judge Rambo)** |
| v. | |
| **PAUL SLOAD,** *et al.*, | |
| Defendants | |

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendants partial motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows:

1) Defendants' partial motion to dismiss Plaintiff's Title VII claims occurring before March 25, 1997 is **GRANTED**.

2) Defendants' motion to dismiss Plaintiff's Title VII claims against the individual Defendants is **GRANTED**.

3) Defendants' motion to dismiss Plaintiff's §§ 1981, 1983, 1985 and 1986 claims, as well as, Plaintiff's PHRA claims against Defendant Revenue and the individual Defendants in their official capacity is **GRANTED**.

4) Defendants' motion to dismiss Plaintiff's PHRA claims against the individual Defendants in their personal capacity is **DENIED**.

5) Defendants' motion to dismiss Plaintiff's §§ 1985 and 1986 claims against the individual Defendants for alleged violations of §§ 1985 and 1986 that occurred one year before July 12, 2004 is **DENIED**.

6) Plaintiff's § 1985 claims that occurred two years before May 21, 1999 are time barred and Plaintiff's § 1986 that occurred one year before May 21, 1999 are time barred.

S/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated:  April 18, 2005.