IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ED COLLINS,** | **CIVIL NO. 1:CV-99-0829** |
| **Plaintiff** | **(Judge Rambo)** |
| v. | |
| **PAUL SLOAD,** *et al.*, | |
| **Defendants** | |

## **M E M O R A N D U M**

Before the court are Defendants' motion for summary judgment (Doc 113) and Plaintiff's motion for summary judgment (Doc. 116). The parties have briefed the issues, and the matters are ripe for disposition. For the reasons that follow, the court will grant Defendants' motion and deny Plaintiff's motion.

**I.** **History**

Plaintiff filed *pro se* his initial complaint on July 2, 1999, and on August 7, 1999, Plaintiff filed an amended complaint. On March 24, 2000, the court granted in part and denied in part Defendants' motion to dismiss Plaintiff's amended complaint. On November 26, 2002, the court granted Defendants' motion for summary judgment with respect to all of Plaintiff's remaining claims. Plaintiff timely appealed to the Third Circuit, and on January 28, 2002, the Third Circuit reversed the court's March 24, 2000 dismissal of Plaintiff's claims and affirmed the court's November 26, 2002 grant of summary judgment.

In conformity with the Third Circuit's opinion, the court provided Plaintiff leave to file a second amended complaint. Plaintiff filed his second amended complaint on August 12, 2004. Plaintiff's second amended complaint named as Defendants, Paul Sload, Agents of the Commonwealth of Pennsylvania ("Agent Defendants"), and the Department of Revenue ("Revenue Defendant"). Plaintiff alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000(e) ("Title VII"); the First and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. §§ 1981, 1983, 1985, 1986; and the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 951.

On April 18, 2005, the court granted in part and denied in part Defendants' motion to dismiss Plaintiff's second amended complaint. In the accompanying memorandum, the court provided that

> the court will grant Defendants' partial motion to dismiss Plaintiff's Title VII claims occurring before March 25, 1997. Additionally, the court will grant Defendants' motion to dismiss Plaintiff's Title VII claims against the individual Defendants. The court will grant Defendants' motion to dismiss Plaintiff's §§ 1981, 1983, 1985 and 1986 claims, as well as, Plaintiff's PHRA claims against Defendant Revenue and the individual Defendants in their official capacity. However, the court will deny Defendants' motion to dismiss Plaintiff's PHRA claims against the individual Defendants in their personal capacity. Finally, the court will deny Defendants' motion to dismiss Plaintiff's §§ 1985 and 1986 claims against the individual Defendants for alleged violations of §§ 1985 and 1986 that occurred one year before July 12, 2004. Instead, the court will provide that Plaintiff's § 1985 claims that occurred two years before May 21, 1999 are time barred and Plaintiff's § 1986 that occurred one year before May 21, 1999 are time barred.

(Doc. 90 at 16-17.) Additionally, the court found that Plaintiff had not received a right to sue notice on his PHRA/Equal Employment Opportunity Commission

("EEOC") complaints dated July 28, 2000, July 27, 2001, and February 3, 2004 and thus, Plaintiff had not exhausted his administrative remedies on those claims.[1]

In sum, the following claims remain: a Title VII claim against Defendant Revenue involving events that occurred on July 14, 1997 and September 23, 1997; claims based upon §§ 1981, 1983, 1985 and 1986 against the individual Defendants in their personal capacities; and a PHRA § 955(e) claim against the individual Defendants in their personal capacities. (*See* Doc. 90 at 17.)

Both Defendants and Plaintiff filed the instant motions for summary judgment on December 2, 2005. In light of the voluminous procedural history, the parties are well acquainted with the facts surrounding this case. Therefore, the court will not recite the facts in detail. Suffice it to say, Plaintiff's claims revolve around assertions of racial discrimination in the work place. After setting forth the relevant legal standard, the court will address the cross motions for summary judgment.

## II.  **Legal Standard: Summary Judgment**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty*

---

[1] The court's April 18, 2005 memorandum provided that Plaintiff would be able to amend his second amended complaint if he was able to demonstrate that he received the required EEOC right to sue notices. While Plaintiff filed a motion approximately six months later to expand discovery and to include additional Title VII claims (*see* Doc. 100.), his motion did not reference the required right to sue notices. For reasons contained therein the court denied Plaintiff's motion. (Doc. 102.)

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis which would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 249. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985); *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

> Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-323. " 'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.' " *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**III.**     **Discussion**

To begin, the court notes that Plaintiff's motion for summary judgment essentially mirrors Defendants' motion for summary judgment, in that both motions

address Plaintiff's Title VII, PHRA, and §§ 1981, 1983, 1985 and 1986 claims. However, the motions and supporting briefs differ in substance as well as relief requested. Additionally, Plaintiff's motion for summary judgment addresses issues that the court has previously excluded per its April 15, 2005 memorandum and order. Specifically, Plaintiff attempts to reassert his claims for Title VII violations that fall outside of the dates provided in the court's April 15, 2005 memorandum and order. Plaintiff also attempts to reassert Title VII claims for hostile work environment and retaliation; however these claims have also been excluded by the court's April 15, 2005 memorandum and order. The court sees no reason to revisit its well reasoned decision and will limit its discussion to the following claims that the court stated remain: a Title VII claim against Defendant Revenue involving events that occurred on July 14, 1997 and September 23, 1997; claims based upon §§ 1981, 1983, 1985 and 1986 against the individual Defendants in their personal capacity; and a PHRA § 955(e) claim against the individual Defendants in their personal capacity.

### A.    Title VII and the PHRA

Title VII and the PHRA prohibit discrimination based upon race in employment decisions such as hiring, discharge, and promotion. 42 U.S.C. § 2000e-2(a)(1); 43 Pa. Cons. Stat. § 951. The Supreme Court has established a three-step burden shifting analysis to establish if an employer has discriminated against an individual in the context of employment. *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 (1973). While the *McDonnell Douglas*'s burden shifting framework was initially designed for Title VII cases, it has also been applied to claims under the PHRA. *See Sherrod v. Phila. Gas Works*, 209 F. Supp. 2d 443, 449 (E.D. Pa.

2002). Thus, the court will examine Plaintiff's claims under Title VII and the PHRA simultaneously.

In *McDonnell Douglas*, the Court provided that a plaintiff has the initial burden to make a prima facie case by a preponderance of the evidence. *McDonnell Douglas Corp*, 411 U.S. at 802; *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993). To establish a prima facie case Plaintiff must establish that (1) that he is from a protected group, (2) that he was qualified for the position, (3) that he was subject to adverse action, and (4) similarly situated non-protected individuals were treated more favorably. *Id.*; *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 658 (9th Cir. 2002).

Once the plaintiff has established a prima facie case, the burden shifts to the defendant to rebut the plaintiff's assertion of discrimination. The defendant has only a burden of production and not a burden of proof. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). If the defendant is able to produce a legitimate non-discriminatory reason, the presumption of discrimination fails and the burden once again shifts to the plaintiff. *Id.* at 256. The plaintiff must then show, by a preponderance of the evidence, that the defendant's asserted reasons were pretextual. *Waldron v. SL Industries*, 56 F.3d 491, 494 (3d Cir. 1995). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Dept. of Community Affairs,* 450 U.S. at 253.

Defendants, in their motion for summary judgment, assert that Plaintiff has failed to establish a prima facie case. Specifically, Defendants contend that Plaintiff has failed to demonstrate that he was subjected to an adverse action. While

the court notes that Plaintiff was eventually terminated, which would qualify as an adverse action, Plaintiff's termination is not within the scope of claims allowed per the court's April 18, 2005 memorandum and order. As stated, there are two remaining Title VII claims, one for events that occurred on July 14, 1997 and the other for events occurring on September 23, 1997.

### 1. July 14, 1997

On July 14, 1997, Plaintiff received an employment evaluation of "satisfactory." The court notes that neither Plaintiff's briefs supporting his motion for summary judgment or his response to Defendants' motion for summary judgment specifically address the events of July 14, 1997. Moreover, Plaintiff's statement of material facts does not even mention the date of July 14, 1997 or any events related to that date. Instead, Plaintiff in both his brief supporting his motion for summary judgment and his response to Defendants' motion for summary judgment, merely asserts that he has established a prima facie case.

Defendants, in support of their motion for summary judgment assert that Plaintiff has failed to establish that a rating of "satisfactory" was an adverse action, and that Plaintiff has failed to demonstrate how a "satisfactory" rating negatively affected Plaintiff's opportunities for career advancement. The court agrees with Defendants.

It is Plaintiff's burden to establish a prima facie case for a violation of Title VII and the PHRA. *See Texas Dept. of Community Affairs,* 450 U.S. at 253. The standard for summary judgment provides that a plaintiff must go beyond the pleadings and demonstrate that there is a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. Plaintiff has failed to do so with respect to the events of July 14,

1997. Based on the briefs submitted by Plaintiff and the evidence he cites to, the court does not see how the rating of satisfactory can be considered an adverse employment action. Accordingly, the court will deny Plaintiff's motion for summary judgment and grant Defendants' motion for summary judgment with respect to this issue.

### 2. September 23, 1997

Plaintiff asserts that on September 23, 1997, he was subjected to humiliation. However, neither Plaintiff's briefs supporting his motion for summary judgment or his response to Defendants' motion for summary judgment specifically address the events of September 23, 1997. Nor does Plaintiff's statement of material facts mention September 23, 1997 or the alleged humiliation that occurred on that date. Again, Plaintiff merely asserts that he has established a prima facie case.

Defendants assert that Plaintiff has failed to establish a prima facie case because he has failed to demonstrate that he was subjected to adverse action. In support, Defendants point to Plaintiff's deposition testimony. The following exchange took place when Plaintiff was asked about the humiliation that allegedly took place on September 23, 1997:

> A. I don't fully recall the total details of that incident, but what I believe happened was I was called in Mr. Sharpe's office and harassed for some of the previous reasons that I've given you that I was subjected to. But I'm not totally sure.
> Q. Well, what did he tell you?
> A. I don't recall totally.
> Q. What did the harassment entail?
> A. One of the previous allegations that I've already stated.
> Q. Which is? You've stated a lot of them. You need to be a little more specific.
> A. I don't recall.

> Q. So you don't recall what exactly was said to humiliate you?
> A. Not exactly, no.

(Collins Dep. at 42-43.)

As stated, the burden remains with Plaintiff to establish a prima facie case. *Texas Dept. of Community Affairs,* 450 U.S. at 253. The court finds that Plaintiff fails to carry his burden and go beyond his pleadings to establish that there are genuine issues of material fact for trial. *See Celotex Corp.*, 477 U.S. at 324. Plaintiff produces no evidence in support of his claim that he was humiliated. As noted, Plaintiff cannot recall what was said or done to allegedly humiliate him. This is simply not enough to withstand Defendants' motion for summary judgment. Accordingly, the court will deny Plaintiff's motion for summary judgment and grant Defendants' motion for summary judgment.

### B. 42 U.S.C. § 1981[2]

As provided by the Supreme Court, § 1981 "can be violated only by purposeful discrimination." *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982). Additionally, "mere naked assertions" of discriminatory intent do not state a § 1981 claim. *Albert v. Carovano*, 824 F.2d 1333, 1341 (2d Cir. 1987).

---

[2]Section 1981 provides that

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981.

Defendants assert that Plaintiff fails to establish that any Defendant acted with discriminatory intent. The court agrees. Plaintiff appears to rely solely on the fact that he is African American and all of the Defendants are white. This is simply not enough to establish a violation of § 1981.

As previously stated, Plaintiff must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. While Plaintiff, in his motion for summary judgment, has provided the court with approximately 350 pages of exhibits, Plaintiff does not designate specific facts in his exhibits that support his assertion that Defendants violated § 1981. Plaintiff merely states that he has made his claim and directs the court's attention to his voluminous compilation of exhibits. Because the court finds that Plaintiff has not established that Defendants acted with discriminatory intent, the court will deny Plaintiff's motion for summary judgment and grant Defendants' motion for summary judgment.

### C.    **42 U.S.C. § 1983**[3]

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States

---

[3]Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Constitution and federal statutes that it describes." *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 749 n.9 (1999) (internal quotation omitted).  To prevail in an action under § 1983, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution and the laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law.  *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000);  *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.' "  *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).  Plaintiff's complaint asserts a violation of § 1983 based upon a violation of his rights under the First and Fourteenth Amendment.  (Compl ¶¶ 50, 58.)[4]

To establish a violation of § 1983 for a violation of the First Amendment Plaintiff must show that his conduct was constitutionally protected and involved a matter of public concern.  *Baldassare v. New Jersey*, 250 F.3d 188, 194 (3d Cir. 2001).  Plaintiff must also show that his protected activity was a substantial or motivating factor in the alleged retaliatory action.  *Id*.  Plaintiff relies on conclusory allegations to support his assertion that there was a violation of his First Amendment rights.  Plaintiff entirely fails to show that his alleged engagement in a protected activity was a substantial or motivating factor in the alleged retaliatory action.

In order to establish a violation of § 1983 for a violation of the Fourteenth Amendment, Plaintiff must be able to establish that Defendants acted with

---

[4] The court notes that neither Plaintiff's brief supporting his motion for summary judgment nor his response to Defendants' motion for summary judgment address what constitutional right his § 1983 claim is based upon.

11

discriminatory intent. *Washington v. Davis*, 426 U.S. 229, 239 (1976). According to Defendants' brief supporting their motion for summary judgment, Plaintiff has failed to produce any direct evidence or any circumstantial evidence that would establish discriminatory intent.  The court agrees with Defendants.  Plaintiff again relies on conclusory allegations.  Specifically, Plaintiff asserts that other employees were treated more favorably than he was and that other employees received training, while Plaintiff was denied training; however, Plaintiff fails to provide his assertions with any support.

Again this court points to *Celotex Corp.*, 477 U.S. at 324, for the position that Plaintiff must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial."  In short, Plaintiff simply does not support his allegation that his First and Fourteenth Amendment rights were violated.  The court will deny Plaintiff's motion for summary judgment and grant Defendants' motion for summary judgment.

### D. 42 U.S.C. §§ 1985 and 1986

In order to allege a § 1985 violation a plaintiff must establish "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Carpenters v. Scott,* 463 U.S. 825, 828-29 (1983).  Moreover, "[a] conspiracy claim based upon 1985(3) requires a clear showing of invidious, purposeful and intentional discrimination between classes or

individuals." *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972) (citations omitted).

Plaintiff's motion for summary judgment states that he has particularized the conspiracy, the period of conspiracy, the object of the conspiracy, and the action of alleged conspirators taken to further the conspiracy. However, there is nothing in Plaintiff's brief supporting his motion for summary judgment, his response to Defendants' motion for summary judgment, or in his statement of material facts that establish any of these elements. Plaintiff directs the court's attention to exhibits C-1 through C-33 accompanying his motion for summary judgment. The court has examined these exhibits and found that they also fail to establish the existence of a conspiracy.[5] In Plaintiff's reply brief supporting his motion for summary judgment, he alleges that his co-workers Kim Glaser, Carrie Ferree, and Nacy Mosket have submitted false statements against Plaintiff; however, Plaintiff does not identify the content of these statements. Such bald accusations do not establish the elements of a violation of § 1985.

Plaintiff also accuses the same individuals of engaging in a conflict of interest, specifically Plaintiff alleges that the individuals were engaged in the solicitation of Avon products during work hours. However, selling of Avon products does not form the basis of § 1985 claim.

Plaintiff fails to establish any elements of § 1985. There is nothing in Plaintiff's briefs in support of summary judgment or in his responsive brief to Defendants' motion for summary judgment that indicate that any of the named

---

[5]The exhibits consist almost entirely of communications between Plaintiff and his attorney to various Defendants.

Defendants engaged in a conspiracy in violation of § 1985.  Thus, the court will deny Plaintiff's motion for summary judgment and grant Defendants' motion for summary judgment.

"Because transgressions of § 1986 by definition depend on a preexisting violation of §1985, if the claimant does not set forth a cause of action under the latter, its claim under the former necessarily must fail also." *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980).  Accordingly, the court will also will deny Plaintiff's motion for summary judgment and grant Defendants' motion for summary judgment with respect to Plaintiff's § 1986 claims.

### IV. Conclusion

Based on the foregoing discussion, Defendants' motion for summary judgment will be granted and Plaintiff's motion for summary judgment will be denied.  An appropriate order will issue.[6]

/s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: February 10, 2006.

---

[6] The court notes that pending is Plaintiff's motion to compel.  Defendants responded to Plaintiff's motion indicating that the discovery requested in Plaintiff's motion had been given to Plaintiff at about the same time Plaintiff filed his motion to compel.  Plaintiff did not file a reply brief.  Because Defendants complied with Plaintiff's requests, the court will find Plaintiff's motion to be moot.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ED COLLINS,** | : | **CIVIL NO. 1:CV-99-0829** |
| | : | **(Judge Rambo)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PAUL SLOAD,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## <u>O R D E R</u>

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's motion to compel (Doc. 103) is **MOOT**.

2) Defendants' motion for summary judgment (Doc. 113) is **GRANTED**.

3) Plaintiff's motion for summary judgment (Doc. 116) is **DENIED**.

4) The Clerk of Court is directed to enter judgment in favor of the Defendants and against Plaintiff.

5) The Clerk of Court is directed to close the file.


        <u>/s/ Sylvia H. Rambo</u>
        SYLVIA H. RAMBO
        United States District Judge

Dated: February 10, 2006.